**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dalia Torrez,

Plaintiff,

v.

JP Morgan Chase Bank, N.A., et al.,

Defendants.

No. CV-25-00199-TUC-AMM
No. CV-25-00204-TUC-AMM
No. CV-25-00218-TUC-AMM
No. CV-25-00219-TUC-AMM

**ORDER**

On April 30, 2025, Plaintiff Dalia Torrez, proceeding pro se, filed a Complaint and Application to Proceed In Forma Pauperis in *Torrez v. JP Morgan Chase Bank, N.A.* (Docs. 1–2, CV-25-199-TUC-AMM ("*Torrez I*").) Plaintiff subsequently filed three other actions arising from the same operative facts: *Torrez v. Midland Credit Management, Inc.*, CV-25-204-TUC-JR ("*Torrez II*"); *Torrez v. Capital One Bank, N.A.*, CV-25-218-TUC-RCC ("*Torrez III*"); and *Torrez v. Experian Information Solutions, Inc.*, CV-25-219-TUC-RCC ("*Torrez IV*"). One of these cases was assigned to the Hon. Jacqueline M. Rateau, and the other two were assigned to the Hon. Raner C. Collins.

On May 21, 2025, the Court consolidated *Torrez II*, *III*, and *IV* into *Torrez I* pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 42.1(b). (Doc. 7.)

## I. IFP Applications

A party who files an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. The Court must determine whether the litigant is unable to pay the filing fee before

granting leave to proceed in forma pauperis. *See id.* § 1915(a)(1).

Plaintiff filed nearly identical Applications to Proceed In Forma Pauperis is all four cases.[1] (Doc. 2, *Torrez I*; Doc. 2, *Torrez II*; Doc. 2, *Torrez III*; Doc. 2, *Torrez IV*.) The Court has reviewed the Applications to Proceed In Forma Pauperis and finds that Plaintiff lacks the means to pay the filing fee. Accordingly, the Court will grant Plaintiff's Applications to Proceed In Forma Pauperis.

## II. Statutory Screening of Pro Se Complaints

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2). The district court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Watison*, 668 F.3d at 1112. A "complaint [filed by a pro se litigant] 'must be held to less stringent

[1] The only difference between the Applications to Proceed In Forma Pauperis is the current amount in Plaintiff's listed checking account.

standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The Court will address each Complaint in turn.

## III. *Torrez I*: Defendant JP Morgan

### a. Complaint

In *Torrez I*, Plaintiff alleges that Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") violated the Fair Credit Reporting Act ("FCRA"). (Doc. 1 at 7–10, *Torrez I*.) Plaintiff states that Defendant JP Morgan "furnished a tradeline, by partial account number 429161100095*[,] to consumer reporting agencies Experian, Equifax, and TransUnion." (*Id.* at 6.) She alleges that she disputed "the completeness and/or accuracy of [the] aforementioned data" through online dispute platforms for Experian, Equifax, and TransUnion. (*Id.*) Plaintiff then avers that she "was denied a $200,000 home loan that [she] needed in order to purchase a home suitable for [her] children[,]" and "[t]he denial was based on incomplete, inaccurate[,] and improperly handled credit information reported by Defendant [JP Morgan]." (*Id.* at 4.) The Complaint alleges five claims against Defendant JP Morgan, each respectively citing subsections (A) through (E) of 15 U.S.C. § 1681s-2(b)(1). (*Id.* at 7–10.).

### b. Applicable Law

The FCRA imposes two primary duties on "furnishers of information to consumer reporting agencies." 15 U.S.C. §§ 1681s-2(a)–(b). The first is the duty to provide accurate information. *Id.* § 1681s-2(a). The second is the duty to investigate the accuracy of reported information upon receiving a notice of a dispute "with regard to the completeness or accuracy of any information provided . . . ." *Id.* § 1681s-2(b). There is no private right of action for a consumer to enforce the duty to provide accurate information under subsection (a). *See, e.g.*, *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Ariz. 2003) (citing 15 U.S.C. § 1681s-2(d)). A consumer may, however, file suit against a furnisher of information for a breach of its duty to investigate the accuracy of reported information under subsection (b). *Nelson v. Chase Manhattan Mortg. Corp.*, 282

F.3d 1057, 1060 (9th Cir. 2002).

A viable claim under § 1681s-2(b) requires the plaintiff to show:

> (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)–(E).

*Berrow v. Navient Sols. LLC*, 685 F. Supp. 3d 859, 865 (D. Ariz. 2023) (quoting *Cook v. Mountain Am. Fed. Credit Union*, No. 2:18-cv-1548-HRH, 2018 WL 3707922, at *3 (D. Ariz. Aug. 3, 2018)).

The investigation must be both "reasonable" and "non-cursory." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009)). "A reasonable investigation requires 'an inquiry likely to turn up information about the underlying facts and positions of the parties,' which is not achieved by 'a cursory or sloppy review of the dispute.'" *Henry v. Freedom Mortg. Corp.*, No. CV-19-01121-PHX-SRB, 2020 WL 8921079, at *5 (D. Ariz. Apr. 27, 2020) (quoting *Gorman*, 584 F.3d at 1155). "A consumer may sue a furnisher and recover damages if the furnisher willfully or negligently violated [the] FCRA." *Gross*, 33 F.4th at 1251.

**c. Analysis**

Plaintiff fails to plead a claim against Defendant JP Morgan. As a threshold matter, the Court notes that the five claims alleged against Defendant JP Morgan appear to be better construed as a single claim under § 1681s-2(b). *See Berrow*, 685 F. Supp. 3d at 865.

Through this lens, Plaintiff has failed to sufficiently plead the first element of the claim, specifically, that an inaccuracy existed regarding her account with Defendant JP Morgan. Plaintiff alleges that Defendant JP Morgan "furnished a tradeline, by the partial

account number 429161100095*[,]" but she failed to allege whether the inaccuracy lie in the partial account number or in some other error with the account. (Doc. 1 at 6, *Torrez I*.) Plaintiff avers that she noted "missing data from April 2022 through July 2023," but this does not provide clarification as to the alleged inaccuracy. (*Id.*)

Without any information as to the missing data, the Court will dismiss the Complaint in *Torrez I*. Plaintiff may amend if she can allege sufficient facts to support the elements of a claim under § 1681s-2(b) against Defendant JP Morgan.

## IV. *Torrez II*: Defendant Midland

### a. Complaint

In *Torrez II*, Plaintiff alleges that Defendant Midland Credit Management, Inc. ("Midland") violated the FCRA and Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1 at 8–14, *Torrez II*.) Plaintiff states that Defendant Midland "purchased the alleged account and accounting information in question from Comenity Bank, a creditor." (*Id.* at 8.) She further alleges that "[o]n or about November 2024[,] Defendant [Midland] was furnishing the tradeline by account number 31616**** to consumer reporting agencies Experian, Equifax, and TransUnion." (*Id.*) Plaintiff avers that she disputed "the completeness and/or accuracy of [the] aforementioned data" through online dispute platforms for Experian, Equifax, and TransUnion, and attached notes stating, "missing data from 03/2022 through 02/2023." (*Id.*) Plaintiff similarly attributes the denial of her home loan to Defendant Midland's inaccurate report. (*Id.* at 9.) She further alleges that Defendant Midland sought to collect on the debt, and that Plaintiff requested that Defendant Midland send her the "method of verifying the data it furnished . . . ." (*Id.* at 10.)

The Complaint lists eight claims against Defendant Midland. (*Id.* at 10–14.) Like in *Torrez I*, Claims One through Five appear to be one claim for failing to reasonably investigate an inaccuracy under § 1681s-2(b). (*Id.* at 10–13.)

Claims Six, Seven, and Eight arise under the FDCPA. (*Id.* at 13–14.) In Claim Six, Plaintiff alleges that Defendant Midland "violated 15 U.S.C. § 1692e(2)(A) by falsely

representing the legal status of the alleged debt to the consumer reporting agencies." (*Id.* at 13.) She alternatively alleges that Defendant Midland violated § 1692e(10) by using "wrongful conduct and deceptive means to attempt to collect any debt . . . ." (*Id.*) Claim Seven is that Defendant Midland violated § 1692e(2) and § 1692e(8) by reporting false information to a third party "when it knew from its' [sic] own records that Defendant has no clear chain of title, and therefore that the account did not belong to Plaintiff." (*Id.* at 14.) Finally, Claim Eight is that Defendant Midland violated § 1692e(5) by "threaten[ing] Plaintiff on several occasions that it was going to take action that cannot legally be taken and/or that was not intended to [be] take[n] against Plaintiff." (*Id.*)

**b. FCRA**

**i. Analysis**

Plaintiff fails to sufficiently plead that Defendant Midland violated § 1681s-2(b) because Plaintiff did not identify how the information that Defendant Midland provided was inaccurate. Therefore, the Court will dismiss Claims One through Five and allow Plaintiff to amend if she can allege facts to support the elements of § 1681s-2(b) against Defendant Midland.

**c. FDCPA**

**i. Applicable Law**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. § 1692k.

The threshold elements of any FDCPA claim are "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Gonzalez v. Law Office of Allen Robert King*, 195 F. Supp. 3d 1118, 1126 (C.D. Cal. 2016) (quoting *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058 (C.D. Cal. 2009)).

///

**ii. Analysis**

Here, Plaintiff alleges both that she is a consumer and that Defendant Midland is a debt collector as defined by the statute. (Doc. 1 at 6–7, *Torrez II*.) Plaintiff has not, however, sufficiently plead that Defendant Midland violated the FDCPA. Although Plaintiff alludes to collection efforts and "threatened legal actions," she does not articulate how Defendant Midland sought to collect her debt nor in what way these means were allegedly false, deceptive, or misleading. (*Id.* at 9–10.) Accordingly, the Court will dismiss Claims Six, Seven, and Eight. Plaintiff may amend if she can sufficiently allege how Defendant Midland sought to collect a debt and how that collection violated the FDCPA.

**V. *Torrez III*: Defendant Capital One**

**a. Complaint**

In *Torrez III*, Plaintiff alleges that Defendant Capital One Bank, N.A. ("Capital One") violated the FCRA. (Doc. 1 at 2, *Torrez III*.) She states that "Defendant [Capital One] furnished a tradeline, by the partial account number 639305****850701[,] to consumer reporting agencies Experian and Equifax." (*Id.*) Plaintiff further alleges that she disputed the "completeness and/or accuracy" of the information via online platforms for Experian and Equifax, and she "notat[ed] the dispute as 'missing data.'" (*Id.* at 2–3.) Plaintiff alleges that Defendant Capital One verified the accuracy of the information to Experian and Equifax. (*Id.*) As in *Torrez I* and *II*, Plaintiff asserts that she was unable to obtain a home loan due to Defendant Capital One's inaccurate report. (*Id.*) Plaintiff again asserts the elements of § 1681s-2(b) as separate claims against Defendant Capital One. (*Id.* at 4–7.)

**b. Analysis**

The Court will dismiss Plaintiff's FCRA claim against Defendant Capital One for the same reason it dismissed the claims in *Torrez I* and *Torrez II*. Specifically, Plaintiff has not identified the inaccurate information that Defendant Capital One allegedly furnished. Plaintiff may file an amended claim against Defendant Capital One if she can

allege sufficient facts to support the elements of § 1681s-2(b).

**VI. *Torrez IV*: Defendant Experian**

**a. Complaint**

In *Torrez IV*, Plaintiff alleges that Defendant Experian Information Solutions, Inc. ("Experian") violated the FCRA and Arizona's Fair Credit Reporting Act ("AFCRA"). (Doc. 1 at 1, *Torrez IV*.) She asserts that Defendant Experian "inaccurately report[ed] personal information regarding Plaintiff's address and phone number" as well as "inaccurate and/or incomplete information regarding the accounts furnished by . . . (1) JPMCB CARD; (2) TD BANK USA/TARGETCRED; (3) KOHLS/CAPONE; (4) MIDLAND CREDIT MANAGEM; (5) VANTAGE WEST CREDIT UN; [and] (6) VANTAGE WEST CREDIT UN." (*Id.* at 2.) Plaintiff disputed the information, but, despite a reinvestigation, the allegedly inaccurate information still appears on Plaintiff's credit report. (*Id.* at 2–3.) Plaintiff lists eleven claims against Defendant Experian. (*Id.* at 4–9.)

**b. Claim One**

Claim One alleges that Defendant Experian violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure that Plaintiff's credit report was accurate. (*Id.* at 4.)

A consumer reporting agency is liable for failing to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "In such lawsuits, before a court considers the reasonableness of the agency's procedures, the consumer must make a 'prima facie showing' of the inaccuracy in the agency's reporting." *Gross*, 33 F.4th at 1251 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

Here, Plaintiff fails to make such a prima facie showing because she did not articulate how the information that Defendant Experian reported was inaccurate. Instead, she makes conclusory statements listing six different accounts with no further information. Accordingly, the Court will dismiss Claim One and allow Plaintiff the

opportunity to amend if she can explain the inaccuracy in Defendant Experian's reporting.

**c. Claim Two**

Claim Two asserts that Defendant Experian violated 15 U.S.C. § 1681g by failing to "provide a full file disclosure to Plaintiff." (Doc. 1 at 4, *Torrez IV*.)

The FCRA mandates that consumer reporting agencies must disclose, upon request, "[a]ll information in the consumer's file at the time of the request" subject to certain limitations. 15 U.S.C. § 1681g(a). "The willful failure to comply with such a disclosure request gives rise to a private cause of action for actual or statutory damages." *Tailford v. Experian Info. Sols. Inc.*, 26 F.4th 1092, 1096 (9th Cir. 2022) (citing 15 U.S.C. § 1681n(a)).

Plaintiff did not provide any facts to suggest she requested disclosure of her file from Defendant Experian or that Defendant Experian refused such a request. She merely states in a conclusory fashion that Defendant Experian violated § 1681g. In the absence of any factual support, the Court will dismiss Claim Two with leave to amend.

**d. Claims Three, Four, Five, Six, Seven, & Eight**

Claims Three through Eight allege that Defendant Experian violated 15 U.S.C. § 1681i by failing to implement reasonable procedures to reinvestigate and remedy allegedly inaccurate information in Plaintiff's credit report. (Doc. 1 at 4–7, *Torrez IV*.)

"[A] Plaintiff filing suit under section 1681i must make a 'prima facie showing of inaccurate reporting.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)). "[I]f there is no inaccuracy, then the reasonableness of the investigation is not in play." *Gross*, 33 F.4th at 1251.

At this stage, it is unnecessary to consider whether Defendant Experian implemented reasonable investigation procedures because Plaintiff has failed to identify any inaccuracy. She states that Defendant Experian inaccurately reported her address and phone number but does not explain how. Plaintiff further asserts that Defendant Experian

inaccurately reported six different accounts but fails to provide any further information to show how these accounts were inaccurate. Accordingly, the Court will dismiss Claims Three, Four, Five, Six, Seven, and Eight. Plaintiff may amend these claims if she can allege sufficient facts to show Defendant Experian's reporting was inaccurate.

**e. Claim Nine**

In Claim Nine, Plaintiff asserts that Defendant Experian violated Ariz. Rev. Stat. ("A.R.S.") § 44-1694(A) when it "failed to conduct a reasonable reinvestigation to determine whether the disputed information was accurate or delete the item." (Doc. 1 at 8, *Torrez IV*.)

Section 44-1694(A) provides:

> If any consumer disputes the accuracy of any item in the consumer's records with any consumer reporting agency, the consumer may give notice in writing to the consumer reporting agency specifying in what manner the report is inaccurate and the consumer reporting agency shall reinvestigate the inaccuracy at no charge to the consumer and record the current status of the disputed information. The consumer reporting agency shall provide forms for such notice and shall assist a consumer in preparing the notice when requested.

A.R.S. § 44-1694(A).

Plaintiff fails to allege that she specified the manner in which Defendant Experian's report was inaccurate or that Defendant Experian failed to reinvestigate at no charge to her. Indeed, Plaintiff states that Defendant Experian did reinvestigate the matter. The Court will, therefore, dismiss Claim Nine and allow Plaintiff an opportunity to amend.

**f. Claim Ten**

Claim Ten alleges that Defendant Experian violated A.R.S. § 44-1694(B)(3) by "fail[ing] to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information." (Doc. 1 at 8, *Torrez IV*.)

Section 44-1694(B) requires a consumer reporting agency to "deny or admit the

inaccuracy to the consumer in writing" within thirty days. A.R.S. § 44-1694(B). "If the consumer reporting agency denies the inaccuracy, [it] shall include . . . (3) [a] notice that states that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information." *Id.* § 44-1694(B)(3).

Here, Plaintiff fails to allege that she requested a description of the procedure used by Defendant Experian nor that Defendant Experian failed to provide her with written notice that she could request such information. Accordingly, the Court will dismiss Claim Ten with leave to amend.

**g. Claim Eleven**

In her final claim, Plaintiff asserts that Defendant Experian violated A.R.S. § 44-1695(C) "because [it] failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff." (Doc. 1 at 9, *Torrez IV*.)

Section 44-1695(C) states:

> Any consumer reporting agency . . . that is grossly negligent in the use or preparation of a consumer report or that acts wilfully [sic] and maliciously with intent to harm a consumer is liable to the consumer for actual damages, if any, punitive damages and attorney fees and court costs. If a consumer reporting agency prepares a consumer report, the consumer reporting agency shall follow reasonable procedures to ensure the maximum possible accuracy of the information relating to the consumer who is the subject of the consumer report.

A.R.S. § 44-1695(C).

Here, however, Plaintiff fails to allege how Defendant Experian's reinvestigation procedures were unreasonable or how Defendant Experian acted either negligently or willfully. Plaintiff's legal conclusions are insufficient to state a claim. The Court will, therefore, dismiss Count Eleven with leave to amend.

///

///

## VII. Conclusion

For the foregoing reasons,

**IT IS ORDERED:**

(1) Plaintiff's Applications to Proceed In Forma Pauperis are **GRANTED**. (Doc. 2, *Torrez I*; Doc. 2, *Torrez II*; Doc. 2, *Torrez III*; Doc. 2, *Torrez IV*.)

(2) Plaintiff's Complaint in *Torrez I* is **DISMISSED WITHOUT PREJUDICE.** (Doc. 1, *Torrez I*.)

(3) Plaintiff's Complaint in *Torrez II* is **DISMISSED WITHOUT PREJUDICE.** (Doc. 1, *Torrez II*.)

(4) Plaintiff's Complaint in *Torrez III* is **DISMISSED WITHOUT PREJUDICE.** (Doc. 1, *Torrez III*.)

(5) Plaintiff's Complaint in *Torrez IV* is **DISMISSED WITHOUT PREJUDICE.** (Doc. 1, *Torrez IV*.)

(6) Within **30 days**, Plaintiff may file **an Amended Complaint** in accordance with this Order. The Amended Complaint must contain **all claims** against Defendants JP Morgan, Midland, Capital One, and Experian. The Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaints by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended complaint supersedes any previous complaint, meaning that the Court will treat the original Complaint as non-existent). The Court is aware that Plaintiff is proceeding pro se. She shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. She is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: https://publicapps.azd.uscourts.gov/prose-survey/.

(7) If Plaintiff fails to file an Amended Complaint within **30 days** of the date of this Order, the Clerk of Court **SHALL** close **these cases** without further notice.

///

(8) Because these matters have been consolidated, all future filings **SHALL** be filed in the lead case: **No. CV-25-00199-TUC-AMM**.

Dated this 20th day of January, 2026.

Honorable Angela M. Martinez
United States District Judge